IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOM BAKER, #2243216, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-108-G-BK |
| | § | |
| LEMONT STYKLES, ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including entry of findings and a recommended disposition. The Court granted Plaintiff Tom Baker's motion to proceed *in forma pauperis*, but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.    BACKGROUND**

Baker, a Texas state prisoner, filed a *pro se* complaint against Lemon Stykles, the executor of his father's will, and Danny Baker, his younger brother. Doc. 3 at 1. In response to the Court's deficiency order, he submitted two complaints, which the Court liberally construes as supplemental pleadings. Doc. 5; Doc. 9. The complaints are inartfully pled and difficult to decipher. Baker asserts that the Defendants "purposely wrote [him] out of the will." Doc. 3 at 1; Doc. 5 at 1 (stating he is "contesting a will" and "I was written out of my father's will."). He generally alleges fraud and breach of fiduciary duty and cites the four-year statute of limitation, Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West 2020). Doc. 3 at 2. Baker specifically avers

that the Defendants committed fraud to "establish soul [sic] owership [sic] of property, monies, insurance policies, etc. and/or retirement payments."  Doc. 9 at 4.  He requests $50,000 in damages.  Doc. 9 at 4.

Baker also references Tex. Pen. Code Ann. §§ 32.45 and 32.46 (West 2020), which criminalize the misapplication of fiduciary property and the fraudulent use of deceptive practices to execute documents affecting a person's property or the pecuniary interest of any person.  Doc. 3 at 1-2.  Baker additionally alludes to Tex. Code Crim. Proc. Ann. art. 21.08 (West 2020), which requires that the name of the title owner of the property or the lawful possessor of the property be alleged in the charging instrument.  Doc. 3 at 2.

## II.  ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Baker's original and supplemental complaints with all deference due a *pro se* litigant.  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Baker has not alleged facts that establish federal question or diversity jurisdiction.

Baker plainly fails to present a federal cause of action.  At best, his original and supplemental complaints allege only a state-law fraud claim.  Baker also has not pled the existence of facts establishing subject-matter jurisdiction on the basis of diversity, which requires complete diversity of citizenship.  28 U.S.C. § 1332; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).  That notwithstanding, Baker seeks only $50,000 in damages and, thus, has failed to meet the threshold amount in controversy.  *See* 28 U.S.C. § 1332 (requiring that the matter in controversy exceed $75,000); Doc. 9 at 4.

Moreover, the violation of a criminal statute does not create a private right of action.  *See Cort v. Ash*, 422 U.S. 66, 79 (1975), overruled in part by *Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).  And because the complaints do not present a sufficient basis for federal jurisdiction, the Court cannot exercise supplemental jurisdiction over Baker's state tort claims, if any.  28 U.S.C. § 1367(a).

Therefore, the original and supplemental complaints should be dismissed without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Baker in his original and supplemental complaints clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 2, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).